THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ARCADIO RIVERA, Defendant and Appellant.

No. CE-65-16.        Decided November 23, 1965.

*Luis A. Archilla Laugier* for petitioner. *J. B. Fernández Badillo,
Solicitor General,* and *Adaljisa Díaz de Collazo, Assistant
Solicitor General,* for The People.

ORDER

(On Motion for Reconsideration)

San Juan, Puerto Rico, November 23, 1965

This case originated in the District Court. An appeal
having been taken from the judgment of conviction, the
Superior Court rendered opinion and judgment affirming it
on June 22. Notice of this judgment was served by mail
on appellant two days later, on June 24, 1965.

Appellant filed this petition for certiorari on July 23,
1965. The Solicitor General moved for dismissal on the
ground that it was untimely filed, that is, 31 days after
the judgment had been rendered on June 22. By order of
September 16, 1965 and on that ground, we dismissed the
petition for certiorari for lack of jurisdiction. Appellant
contends on reconsideration that his petition was filed on
time reckoning from June 24, 1965, date on which notice
of the judgment was served on him by mail.

The petition for certiorari which is granted for judgments of conviction in criminal cases rendered by the District Court and affirmed by the Superior Court had no filing term until Rule 217 of Criminal Procedure of 1963 was approved. This Rule provides that the judgment rendered on appeal by the Superior Court may be reviewed by the Supreme Court by certiorari to be issued at its discretion, and the petition for certiorari should be filed within 30 days following the date on which the judgment of the Superior Court was rendered or on which the motion for reconsideration, if any, was decided.

Rule 217 contains a proceeding subsequent to that of Rule 216 which provides for the whole procedure to take an appeal to the Superior Court from the judgments of conviction rendered by the District Court. Paragraph (j) of Rule 216 provides that a party aggrieved by a judgment entered on appeal may, within the maximum period of 15 days "after the filing of the notice of judgment in the record," file in the part of the Superior Court where the appeal was decided, a motion for reconsideration of the judgment. It provides also that 15 days "after notice of the judgment rendered on appeal is filed in the record" or 5 days after a motion for reconsideration, if any, is decided, the Secretary shall return to the part of the District Court from which the appeal was taken, the original record with a certified copy of the judgment rendered on appeal. After the District Court receives these documents, further proceedings to execute the judgment shall be had in said court.

It should be noted that the term to file a motion for reconsideration of the judgment rendered by the Superior Court is counted from the date on which the notice of said judgment is filed in the record. It should also be noted that Rule 216 does not consider as *final* the judgment rendered on appeal by the Superior Court for the purposes of its execution but until notice of the judgment rendered is filed in

the record, which is when the Secretary is authorized to return to the part of the District Court the record so that proceedings to execute may be had.

It has been our remote procedural tradition, both in civil and criminal cases, that the terms to move for reconsideration, to appeal, to review or to execute judgments rendered by the courts, are counted from the date on which notice of the judgment is served and proof of said service is filed in the record. It is true that Rule 217 provides a period of 30 days to file a petition for certiorari, following the date on which the judgment was rendered or a motion for reconsideration decided. We do not believe that there was a particular reason in Rule 217 to alter the long-time honored rule of procedure, particularly when said rule was followed in Rule 216 both, for the purposes of filing a motion for reconsideration of the judgment, and for the purposes, even more important, of having proceedings to execute it.

Moreover, in Rule 15.1 (b) of our Rules which establishes the proceeding for this type of certiorari, we require appellant to specify in the petition "the date on which the order or judgment that has been attacked was rendered, as well as the date of the filing with the record *of the return of service to the parties.*"

Rule 217 should be applied in harmony with Rule 216 and with our Rules in the sense that the term to file a petition for certiorari before this Court should be counted from the date on which the judgment was rendered and notice therof was served on the party in the manner provided for in Rule 216. Our Order of September 16, 1965 will be set aside, the petition for certiorari will be reinstated, and the Solicitor will be granted a term of 10 days from the date notice of this order is served upon him to present objection to the issuance of the writ.

It was so agreed by the Court as witnesses the signature of the Chief Justice.

Mr. Justice Rigau dissented.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:

(s) Joaquín Berríos
*Acting Secretary*